shows that the complainant did object to the dismissal.) In *People v. Garcia*, 7 Ill.App.3d 742, 747, 288 N.E.2d 637, the court held that a nolle prosequi of a burglary charge, entered before jeopardy had attached, does not prevent a subsequent prosecution for the same offense since the nolle prosequi "leaves the matter in the same condition as before the prosecution." If voluntary dismissal of a State charge by the State cannot bar a subsequent prosecution, an agreement by a city prosecutor or a private citizen cannot.

Therefore, the judgment of the Circuit Court of Cook County granting the motion to dismiss is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

HAYES, J., took no part in the consideration or decision of this case.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JEFFERY W. KING (Impleaded), Defendant-Appellant.

(No. 56926;

First District (3rd Division)—August 1, 1974.

PER CURIAM.
DEMPSEY, J., took no part.

James J. Doherty, Public Defender, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.